**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBRA L. METZLER, : | |
| : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION NO.07-2066 (JLL) |
| : | |
| AMERICAN TRANSPORTATION : | **OPINION** |
| GROUP, L.L.C. (n/k/a CSAV AGENCY : | |
| NORTH AMERICA, LLC), ALVARO : | |
| INFANTE, MARIO DABOVE, and : | |
| LANNY FRIEDMAN, : | |
| : | |
| Defendants. : | |

**LINARES**, District Judge.

Presently before the Court is Defendants American Transportation Group, L.L.C. ("ATG"), Alvaro Infante, Mario DaBove, and Lanny Friedman's (the "Individual Defendants" and collectively with ATG, "Defendants") motion to partially dismiss Plaintiff Debra L. Metzler's complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has reviewed the submissions of the parties[1] and decides the instant motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons

---

[1] Originally, Plaintiff did not file any opposition in accordance with L. Civ. R. 5.1(a). On January 22, 2008, therefore, the Court informed Plaintiff's counsel that if opposition papers were not filed by the end of the day, the Court would consider Defendants' motion unopposed. Thereafter, the Court granted Plaintiff two further extensions, ultimately allowing her to file her opposition by January 25, 2008. When the opposition was not docketed by that date, the Court issued an order stating that it would consider Defendants' motion unopposed. Subsequently, Plaintiff's two-paragraph opposition appeared on the District Court's electronic filing system, CM/ECF. Notwithstanding the untimely filing, the Court has considered Plaintiff's Brief in Opposition to Defendants' Motion despite its January 25th order.

1

set forth below, Defendants' motion is granted in part and denied in part.[2]

I. **Factual and Procedural History**[3]

Plaintiff Debra L. Metzler was hired by ATG on March 26, 2003 as a "Human Resource Generalist." (Compl., First Count, ¶ 1.) ATG is a Delaware limited liability company headquartered in Iselin, New Jersey. (Compl., "The Parties", ¶ 2.) Plaintiff and the Individual Defendants were employees of ATG or its successor-in-interest, CSAV Agency North America, LLC, at all times relevant to the alleged misconduct. (Id. at ¶¶ 3-6.)

According to Plaintiff, she received positive performance reviews, raises, and bonuses throughout her employment with ATG. (Compl., First Count, ¶ 5.) On September 28, 2005, defendant Friedman informed Plaintiff that she should begin looking for employment elsewhere. (Id. at ¶ 7.) Two days later, Friedman spoke to Plaintiff again to notify her that Friedman and defendant Infante had decided to terminate Plaintiff's employment effective immediately. (Id. at ¶ 9.) ATG discharged Plaintiff on September 30, 2005. (Compl., First Count, ¶ 1.) Plaintiff asserts that thereafter, her position was filled by a Hispanic female under the age of 40. (Compl., "Parties," ¶ 11.) She further alleges that ATG generally favored Hispanic employees, non-American employees, employees married to Hispanics, or employees under the age of 40. (Id. at

---

[2] The Court retains jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the pendant state law claims under 28 U.S.C. § 1367, and applies the substantive law of the state of New Jersey, see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

[3] The facts are culled from Plaintiff's Complaint and taken as true for purposes of this motion. The Court relies on the operative complaint, as well as the exhibits submitted by the parties in crafting this factual and procedural history. See, e.g., Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

2

¶¶ 12-13.) As an example of such favoritism, Plaintiff points to the fact that members of the "favored groups" were given written or verbal warnings prior to their respective terminations while Plaintiff was not. (Compl., First Count, ¶¶ 12-13.)

Plaintiff filed a dual charge with the U.S. Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division of Civil Rights ("DCR"). See Defs. Br., Ex. A. The EEOC issued Plaintiff a Right to Sue letter on February 1, 2007. On May 2, 2007, Plaintiff filed the instant Complaint, alleging in a single count, violations of "the United States Constitution, Title VII of the Civil Rights Act of 1964 for employment discrimination and the November 21, 1991 amendment, Age Discrimination in Employment Act of 1967, the First Amendment right of freedom of association, the New Jersey Constitution and the [New Jersey Law Against Discrimination ("NJ]LAD["])]." (Compl., First Count, ¶ 24.) Plaintiff also asserts causes of action for intentional and negligent infliction of emotional distress (Compl., Second Count, ¶ 2) and wrongful termination in violation of the public policy of New Jersey as established by Pierce v. Ortho Pharm. Corp., 84 N.J. 58 (1980) (Compl., Preface, ¶ 3). She seeks back and front pay, compensatory and punitive damages for pain and suffering, damages for mental distress, costs and attorney's fees. (Compl., "Wherefore" Clause, ¶¶ (c)-(d).)

Defendants responded with a motion to dismiss Plaintiff's claims brought under (1) the NJLAD, (2) the United States Constitution, and (3) New Jersey common law; and to dismiss (4) all claims against the Individual Defendants.[4] The Court will address each of Defendants' arguments in turn.

---

[4] Defendants have not moved to dismiss Plaintiff's claims under Title VII, the ADEA, or Articles I and V of the New Jersey State Constitution at this time. Defs. Br. at p. 3.

3

## II.    Legal Standard

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[5] See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236. With this framework in mind, the Court turns now to Defendants' motion.

---

[5] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

4

### III. Discussion

#### A. Plaintiff's NJLAD Claim

Defendants argue that Plaintiff's claim under the NJLAD is barred by the statute's election of remedies provision. Defs. Br. at pp. 4-8. Plaintiff counters that this provision applies only to ATG, and not the Individual Defendants since Plaintiff did not name them in her EEOC complaint. Pl. Br.

The NJLAD seeks to redress instances of race-, gender-, or age-based discrimination. N.J.S.A. §§ 10:5-3, 10:5-12. An aggrieved party may file suit in the New Jersey Superior Court or with the DCR to seek redress for alleged violations of the NJLAD. N.J.S.A. § 10:5-13; see Tummala v. Merck & Co., Inc., No. 93-3812, 1995 WL 669220, at *11 (D.N.J. Nov. 9, 1995). However, the NJLAD dictates that a party must elect between the former and latter processes. See N.J.S.A. § 10:5-27; Hernandez v. Region Nine Housing Corp., 146 N.J. 645, 656 (1996). If a plaintiff chooses the latter, he or she is barred from bringing a judicial action while the DCR is pursuing its investigation *and* after the DCR has rendered its determination. See N.J.S.A. § 10:5-27 (stating that "the procedure herein provided shall, while pending, be exclusive; and the final determination therein shall exclude *any other action*, civil or criminal, based on the same grievance of the individual concerned" (emphasis added)). Upon final determination by the DCR, a plaintiff may seek appellate review in New Jersey Superior Court. N.J.S.A. § 10:5-21. Otherwise, the DCR's final determination precludes any party from bringing any other action, in any forum, based on the same alleged misconduct. Chugh v. Western Inventory Svs., Inc., 333 F. Supp. 2d 285, 290 (D.N.J. 2004) (Linares, J.); Hernandez, 146 N.J. at 656.

Here, Plaintiff filed her complaint with the EEOC and DCR simultaneously. See Defs.

5

Br., Ex. A. The EEOC, rather than the DCR, investigated Plaintiff's complaint, determined that the allegations therein did not state a valid claim, and informed the DCR of its finding. See id., Ex. B. Based on this conclusion, both agencies closed their files on the matter. Plaintiff did not seek appellate review of the EEOC's and DCR's determination with the New Jersey Superior Court pursuant to N.J.S.A. § 10:5-21.

This Court addressed a nearly analogous situation in Chugh, supra. In that case, plaintiff Chugh filed a verified complaint with the DCR, which subsequently initiated an investigation, concluded that the facts were insufficient to support the complaint, and closed its file. Id. at 288. Chugh did not appeal the DCR's decision to the Appellate Court. Id. This Court dismissed Chugh's NJLAD claim, deferring to the "litany of federal court decisions . . . barr[ing] a plaintiff's subsequent state and federal claims under N.J.S.A. § 10:5-27 after a DCR final determination." Id. at 290-91 (collecting cases). In doing so, the Court held that

> because the courts of New Jersey would bar Plaintiff Chugh's state law claim under the election of remedies provision, based on his initiation of state administrative proceedings and on his voluntary decision not to pursue an appeal of the DCR's finding of no probable cause to the Appellate Division, Plaintiff Chugh is not entitled to pursue those state law claims in this court.

Id. at 290 (quoting Tummala, 1995 WL 669220, at *12). Because the claim at issue is "based on the same grievance" against all Defendants, our reasoning in Chugh likewise holds true here. See N.J.S.A. § 10:5-27 (emphasis added). Because Plaintiff's NJLAD claim against the Individual Defendants is barred on the same "grievance" as against ATG, the election of remedies provision likewise bars this claim regardless of whether these individuals were named

6

in the EEOC complaint.[6]  Therefore, Plaintiff's NJLAD claim is barred in its entirety.

### B.    Claims under the First Amendment of the U.S. Constitution

Although Plaintiff alleges separate violations of the U.S. Constitution and the First Amendment to the U.S. Constitution (see Compl., First Count, ¶ 24), the allegations in Plaintiff's Complaint only suggest a federal First Amendment claim.  For example, Plaintiff alleges that "[D]efendants' actions are the culmination of continuous and ongoing events, which repeatedly serve to discriminate against the Plaintiff based upon her ethnicity . . . and/or national origin . . . and/or age . . . and/or marital status . . . in violation of the . . . First Amendment giving the right of freedom of association." (Compl., First Count, ¶ 16(a).)[7]  While it is unclear from the facts of the Complaint how Defendants' actions violate Plaintiff's freedom of association, the claim cannot stand regardless.  The prohibitions of the First Amendment apply only to government actors, not to private entities or persons.  Pub. Util. Comm. of D.C. v. Pollack, 343 U.S. 451, 461 (1952) ("The[ First] Amendment[] concededly appl[ies] to and restrict[s] only the Federal Government and not private persons"); Glantz v. Auto. Svs. Assoc. of Pa., No. 91-5630, 1991 WL 270017, at *3 (E.D. Pa. 1991) (dismissing Plaintiff's First Amendment freedom of association claim because "[t]he First Amendment protects only against actions of the federal government or state governments, not private actions") (citing Hudgens v. NLRB, 424 U.S. 507

---

[6] It appears that Plaintiff did in fact name at least two of the Individual Defendants in her EEOC complaint.  Defendants assert that Plaintiff cited defendants Alvaro and Friedman as the "only wrongdoers in her Charge." Defs. Letter Reply at p. 2.  As the parties did not submit the EEOC Charge to the Court, the Court cannot verify this allegation itself, but assumes that Defendants' representation is true.

[7] The First Count of Plaintiff's Complaint contains two paragraphs labeled "16."  For ease of reference, the Court will refer to the second of these paragraphs as "16(a)" and will refrain from renumbering the remaining paragraphs in that count.

7

(1976)). Defendants here are a private corporation and private individuals. Nothing in Plaintiff's Complaint suggests that Defendants are government actors or took what would be considered "state action." Plaintiff's claim under the First Amendment therefore is dismissed. See Glantz, 1991 WL 270017, at *3.

### C. Common Law Causes of Action

Plaintiff alleges that Defendants' actions negligently and intentionally inflicted emotional distress upon her and were in violation of the public policy of New Jersey as stated in Pierce. (Compl. Second Count, ¶ 2; Compl., Preface, ¶ 3.) Defendants contend that Plaintiff cannot supplement her claim under the NJLAD with these common law causes of action. Defs. Br. at pp. 9-10. Plaintiff does not contest Defendants' argument regarding her claims of emotional distress, but maintains that her Pierce claim should not be dismissed against ATG. Pl. Br. The Court agrees, in part, with Defendants.

The NJLAD provides plaintiffs with all remedies available in common law tort actions. See N.J.S.A. § 10:5-3; Catalane v. Gilian Instrument Corp., 271 N.J. Super. 476, 492 (App. Div. 1994) ("Our Legislature has declared the remedies available under the LAD and . . . have expressed the view that . . . the statute should be read broadly enough to encompass those claims and damages previously available at common law"). The exclusivity of the NJLAD remedies thus preempts any common law claims based on the same factual predicate. Toscano v. Borough of Lavallette, No. 04-4412, 2006 WL 1867197, at *9 (D.N.J. June 30, 2006) ("A supplementary cause of action is not allowed when the NJLAD provides a remedy for the wrong"); Quarles v. Lowe's Home Ctr., No. 04-5746, 2006 WL 1098050, at *4 (D.N.J. March 31, 2006) (dismissing plaintiff's claim for intentional infliction of emotional distress because it was "based on the same

8

allegations supporting [p]laintiff's LAD claim"); Catalane, 271 N.J. Super. at 492 ("supplementary common law causes of action may not go to the jury when a statutory remedy under the LAD exists"). Plaintiff's claims of emotional distress are based on the same operative facts as her claims under the NJLAD (Compl., Second Count, ¶ 1). These claims are consequently preempted by her statutory claim and dismissed against all Defendants.[8]

As it pertains to Plaintiff's Pierce claim against ATG, however, a different analysis is called for. New Jersey courts recognize a cause of action for wrongful discharge in violation of the public policy of New Jersey. Pierce, 84 N.J. at 72. Such sources of public policy include the federal and New Jersey State constitutions and a plaintiff may predicate a Pierce cause of action on either. See Zamboni v. Stamler, 847 F.2d 73, 83 (3d Cir. 1988); Mehlman v. Mobil Oil Corp., 153 N.J. 163, 181 (1998). As discussed above, where a plaintiff bases his or her common law Pierce claim on the public policy of the NJLAD and asserts a claim under both, the former claim is subsumed by the latter. Sturm v. UAL Corp., No. 98-264, 1998 WL 784615, at *10 (D.N.J. Oct. 8, 1998) ("Courts of this district interpreting New Jersey Law have also consistently held the NJLAD to preempt duplicative common law discrimination claims"). Pursuant to Brosshard v. Hackensack Univ. Med. Ctr., 345 N.J. Super. 78, 90 (App. Div. 2001), a Pierce claim would also be barred if it does not seek to vindicate interests that are independent of those protected by the NJLAD. However, a plaintiff's Pierce claim is not preempted as coterminous with the NJLAD if the cause of action finds its basis in the New Jersey State constitution. Cf. Ackerman v. The

---

[8] Because the Court dismisses these claims due to preemption by the NJLAD, it will not address Defendants' arguments that the negligent infliction of emotional distress claim is barred by the New Jersey Workers' Compensation Act and that the intentional infliction of emotional distress claim fails because it does not allege sufficiently extreme and outrageous conduct.

Money Store, 321 N.J. Super. 308, 324-25 (App. Div. 1998). Here, Plaintiff has not specified the basis on which she rests her Pierce claim. Nevertheless, in an abundance of caution, and taking into consideration that Defendants do not oppose Plaintiff's New Jersey constitutional claims at this time and that this is a motion to dismiss pursuant to Rule 12(b)(6), the Court will assume that the New Jersey State Constitution forms the basis for Plaintiff's Pierce claim. Therefore, the Court denies Defendants' motion to dismiss Plaintiff's Pierce claim against ATG at this time.

### D.  Claims Against the Individual Defendants

Defendants further argue that Plaintiff cannot state a claim for relief under Title VII and the Age Discrimination Employment Act ("ADEA") or under the public policy of New Jersey as laid out by Pierce. Defs. Br. at pp. 14-15. Defendants are correct on both counts. Neither Title VII nor the ADEA provide a basis for individual liability. Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006) (noting that plaintiff could not have brought a claim against an individual defendant "because the ADEA does not provide for individual liability"); Dici v. Commonwealth of Pa., 91 F.3d 542, 552 (3d Cir. 1996) (granting summary judgment to individual defendants on plaintiff's Title VII claims because "individual employees cannot be held liable under Title VII"); Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077 (3d Cir. 1996) ("[T]he clear majority of the courts of appeals . . . have held that individual employees cannot be held liable under Title VII"), vacated on other grounds, 74 F.3d 1439 (3d Cir. 1996) (en banc). As a result, the Court grants Defendants' motion to dismiss Plaintiff's claims against the Individual Defendants under Title VII and the ADEA.

Finally, Defendants argue that even if the Pierce claim remains against ATG, it may not stand against the Individual Defendants. Defs. Br. at p. 15. A plaintiff is only able to maintain a

Pierce cause of action against his or her employer–not against individual employees. See O'Lone v. New Jersey Dep't of Corr., 313 N.J. Super. 249, 256 (App. Div. 1998). Although this Court declined to dismiss Plaintiff's Pierce claim against ATG, it grants Defendants' motion to dismiss this claims against the Individual Defendants.

## IV. Conclusion

For the aforementioned reasons, Defendants' partial motion to dismiss Plaintiff's claims is granted in part and denied in part. The claims remaining in the instant action are Plaintiff's claims against ATG under (1) Title VII, (2) the ADEA, (3) Articles I and V of the New Jersey State Constitution; and (4) the public policy of New Jersey. The only claim remaining against the Individual Defendants is Plaintiff's New Jersey constitutional claim. An appropriate order accompanies this opinion.

Date:   February 8, 2008

/s/ Jose L. Linares
Jose L. Linares
United States District Judge